4

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 4 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARIA GUADALUPE DORSETT, <br> Plaintiff, | * <br> * <br> * |
| v. | * Civil Action No. B-01-046 <br> * |
| UNITED STATES OF AMERICA, <br> Defendant. | * <br> * |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW the United States of America, by and through Mervyn M. Mosbacker, United States Attorney for the Southern District of Texas, and the undersigned Assistant United States Attorney, and without waiving any defenses or affirmative defenses to which the Defendant may be entitled, files its Answer and Affirmative Defenses to Plaintiff's Original Complaint, responding according to the numbered paragraphs thereof, and respectfully shows the Court as follows:

1. The allegations contained in this paragraph constitute legal argument, and Defendant has insufficient information to admit or deny Plaintiff's allegations contained in this paragraph. Therefore, Defendant denies these allegations.

2. Allegations contained in this paragraph constitute legal argument. Therefore, Defendant denies these allegations.

3. The allegations contained in this paragraph contain the alleged statutory basis for this action for which no response is required. To such an extent that a responsive pleading may be required, Defendant denies these allegations.

4. The allegations contained in this paragraph constitute both legal argument, to which a responsive pleading is not required, and factual argument. To such an extent that

a responsive pleading may be required, Defendant denies these allegations, but admits that the Agency made final disposition of Plaintiff's administrative claim on February 6, 2001.

5. The allegations contained in this paragraph constitute both legal argument, to which a responsive pleading is not required, and factual argument. To such an extent that a responsive pleading may be required, Defendant denies these allegations, but does admit that a collision did occur between the vehicles being driven by Eloy Jaimes, an employee of the United States Postal Service, and Plaintiff. The United States admits that Eloy Jaimes was acting within the course and scope of his employment with the United States at the time the accident at issue occurred.

6. The allegations contained in this paragraph constitute both legal argument, to which a responsive pleading is not required, and factual argument. To such an extent that a responsive pleading may be required, Defendant denies these allegations.

7. Defendant denies these allegations.

8. Defendant denies Plaintiff's entitlement to any relief whatsoever in this matter. No further answer is required to the allegations because said allegations are in the nature of a prayer for relief. To the extent that an answer is deemed necessary, Defendant denies all allegations contained in Plaintiff's prayer for relief.

9. Lastly, Defendant generally denies any of Plaintiff's allegations not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which the court can grant the requested relief against the Defendant.

## SECOND AFFIRMATIVE DEFENSE

2

ClibPDF - www.fastio.com

The injuries and damages alleged in Plaintiff's Complaint were not caused by any negligent or wrongful act or omission by any employee, agent, servant, or representative of the United States.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's injuries, damages and losses, if any, were solely and proximately caused by the actions, or failure to act, of a person over whom Defendant had no control.

### FOURTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff's injuries and/or damages were caused and/or contributed to by any fault attributable to it, but in the event that this Court does attribute such fault to Defendant, in the alternative, Defendant specifically pleads the applicability of superceding and/or intervening cause as a defense and a bar to recovery against Defendant by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is reduced and/or barred by the applicable Texas common or statutory law governing contributory or comparative negligence. See Tex. Civ. Prac. & Rem. Code Ann. §33.001 <u>et seq.</u> (Vernon's 1997).

### SIXTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. §2674(b), Plaintiff is proscribed from recovering an amount greater than that claimed in the administrative process.

### SEVENTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. §2674, Plaintiff is proscribed from recovering any amount for prejudgment interest from Defendant. Therefore, Defendant is not liable for any

3

prejudgment interest or post judgment interest, except as is otherwise permitted by federal law.

### EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. §2678, the United States is not liable for Plaintiff's attorney's fees under the Federal Tort Claims Act.

WHEREFORE, Defendant requests that Plaintiff takes nothing by her Complaint, that Plaintiff's Complaint be dismissed with prejudice, and that Defendant be granted such further relief that the Court may deem proper in this matter.

Respectfully submitted,

GREGORY A. SERRES
United States Attorney

NANCY L. MASSO
Assistant U.S. Attorney
600 E. Harrison, #201
Brownsville, TX 78520
(956) 548-2554 Fax (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263

**OF COUNSEL:**
STEVEN E. CONEY
USPS Attorney
P.O. Box 227078
Dallas, TX 75222-7078
(214) 252-6120 Fax (214) 252-6170

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing Defendant's Answer and Affirmative Defenses To Plaintiff's Original Complaint was mailed on this the 4 day of June, 2001 via Certified Mail, Return Receipt Requested to Louis S. Sorola, Attorney at Law, P.O. Box 5776, Brownsville, TX 78523.

NANCY L. MASSO
Assistant U.S. Attorney